UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MICHAEL CEJA,                                 :
                   Plaintiffs,                :
                                            :        **MEMORANDUM DECISION**
v.                                           :
                                            :        11 CV 1660 (VB)
PAUL VACCA, Deputy Commissioner and          :
Building Official of the City of New Rochelle, :
and THE CITY OF NEW ROCHELLE,                :
                    Defendants.             :
-------------------------------------------------------------------x

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 12-7-11

Briccetti, J.:

       Plaintiff Michael Ceja brings this action against defendants Paul Vacca and the City of

New Rochelle, New York, asserting they revoked the certificate of occupancy for the two-family

dwelling on his property without affording him procedural or substantive due process of law, in

violation of 42 U.S.C. § 1983.  Before the Court is defendants' motion to dismiss the complaint

pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, the motion is GRANTED.

       Plaintiff's procedural due process claim is dismissed with prejudice.  Plaintiff's

substantive due process claim is dismissed without prejudice, and plaintiff is granted to leave to

file an amended complaint as to that claim only.

       The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## BACKGROUND

       For purposes of ruling on a motion to dismiss, the Court accepts all factual allegations of

the complaint as true.

       According to the complaint, plaintiff Ceja is a resident of the City of New Rochelle (the

"City"), and defendant Vacca is the Deputy Commissioner and Building Official for the City.

As Building Official, Vacca is responsible for enforcing the provisions of the New Rochelle City

1

Code related to zoning and the construction and repair of structures in the City. Vacca has the authority to issue and revoke certificates of occupancy, which certify how structures located within the City may be used. Vacca is also the head of the Bureau of Buildings, which maintains records for property located within the City.

In 2002, plaintiff obtained title to 308 Washington Avenue in the City (the "premises"). At that time, the premises contained a two-family residence and detached garage. Plaintiff has used the detached garage to store commercial vehicles since he acquired the property.

The City initially authorized a commercial use of the garage in 1958 when it issued a certificate of occupancy ("CO") for the premises. The property records contain a note that the commercial use of the garage was then a legal, non-conforming use of the premises. In 1974, the City issued a CO for the conversion of the one-family house on the premises to a two-family house. In 1989, a note was added to the City property records confirming the commercial use of the detached garage. In 2008, the City issued a new CO to plaintiff to cover the replacement of sheet rock and insulation of the two-family residence on the premises.

In August 2009, plaintiff received two summonses from the City alleging that the use and storage of commercial vehicles on the premises violated the City Zoning Code. The parties went to trial in New Rochelle City Court. The City argued that plaintiff's commercial use of the detached garage violated the 1974 CO for the two-family dwelling because the commercial use of the garage ceased to exist at the time the premises were converted to a two-family residence. In a decision and order dated October 12, 2010, Acting City Justice Kevin J. Quaranta held that the City had failed to meet its burden to prove the commercial use of the garage had been abandoned or extinguished, and he dismissed the summonses against plaintiff.

2

On December 3, 2010, defendants sent plaintiff an order to remedy a violation of the City Code. The order to remedy stated that plaintiff had violated the City Zoning Ordinance parking requirements for two-family dwellings, gave plaintiff thirty days to correct the violation, and warned plaintiff that the City would revoke the CO for the two-family dwelling if he failed to do so. The order to remedy also informed plaintiff of his right to seek review of the order pursuant to the General City Law.

By letter dated January 3, 2011, plaintiff rejected the order to remedy and demanded written details of the alleged violation. By letter dated January 21, 2011, defendants revoked the CO for the two-family dwelling and informed plaintiff of his right to appeal the revocation by submitting an application for a variance to the Board of Appeals on Zoning by February 2, 2011.

Plaintiff claims defendants failed to provide him with notice, an opportunity to be heard, and a pre-deprivation hearing prior to revoking the CO for the two-family dwelling on his property. Plaintiff also claims defendants lacked credible and substantial evidence to support the revocation. Plaintiff seeks damages, a declaratory judgment, and a permanent injunction enjoining defendants from taking any action to punish him for his use of the two-family dwelling and detached garage on his property.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984) (internal quotation marks omitted). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court evaluates the sufficiency of the complaint under the "two-pronged approach" suggested by the Supreme Court in Ashcroft v. Iqbal. See 556 U.S. 662, 129 S. Ct.

3

1937, 1950 (2009).  First, "[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements," are not entitled to the assumption of truth and are thus not

sufficient to withstand a motion to dismiss.  Id. at 1949.  Second, "[w]hen there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement for relief."  Id. at 1950.

To survive a Rule 12(b)(6) motion to dismiss, the allegations in the complaint must meet

a standard of "plausibility."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim

is facially plausible "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at

1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully."  Id.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6),

a district court may consider the facts alleged in the complaint, documents attached to the

complaint as exhibits, and documents incorporated by reference in the complaint."  DiFolco v.

MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).  However, the Court may also consider

a document not incorporated by reference when the complaint "relies heavily upon its terms and

effect," because the document is "integral to the complaint."  Mangiafico v. Blumenthal, 471

F.3d 391, 398 (2d Cir. 2006) (internal quotations omitted).

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State . . . subjects . . . any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party

injured in an action at law, suit in equity, or other proper
proceeding for redress.

42 U.S.C. § 1983.  Plaintiff asserts that defendants revoked the CO for the two-family dwelling

on his property in violation of his Fourteenth Amendment right to procedural and substantive due

process.

A.      Procedural Due Process

Procedural due process requires "'that a deprivation of life, liberty, or property be

preceded by notice and opportunity for hearing appropriate to the nature of the case.'"  Chase

Grp. Alliance, LLC v. City of N.Y. Dep't. of Fin., 620 F.3d 146, 150 (2d Cir. 2010) (quoting

Cleveland Bd. Of Educ. V. Loudermill, 470 U.S. 532, 542 (1985)).  Plaintiff claims that

defendants violated his procedural due process rights by revoking the CO without providing him

notice, an opportunity to be heard, or a hearing.

The Court rejects plaintiff's notice allegation because the December 3, 2010, order to

remedy informed plaintiff that he had violated the City Code, and warned him that the CO for the

two-family dwelling might be revoked.[1]  See Chase Grp. Alliance, LLC, 620 F.3d at 150 ("The

requisite notice must be "reasonably calculated, under all the circumstances, to apprise interested

parties of the pendency of the action . . . .").

The next question, then, is whether plaintiff has adequately alleged that defendants did

not give him an opportunity to be heard.  Plaintiff claims that defendants denied him that

opportunity because they did not conduct a hearing prior to revoking the CO.  However, a full-

fledged predeprivation evidentiary hearing is not necessarily required to satisfy procedural due

_____

[1] The Court considers the order to remedy for the purpose of ruling on the motion to
dismiss even though plaintiff did not submit it as an exhibit to the complaint because it is integral
to plaintiff's procedural due process claim.

process.  See Oberlander v. Perales, 740 F.2d 116, 120 (2d Cir. 1984) ("we decline to attach

talismanic significance to the availability of a predeprivation evidentiary hearing"); Norton v.

Town of Islip, 239 F. Supp. 2d 264, 273 (E.D.N.Y. 2003) (noting that "a full-fledged

predeprivation evidentiary hearing would probably be unnecessary for purposes of satisfying the

Town's due process obligations").  The amount of protection required to satisfy procedural due

process "depends upon the nature of the issues and the relevant weight of the Matthews factors."

Chase Grp. Alliance, LLC, 620 F.3d at 150.

Under Matthews v. Eldridge, 424 U.S. 319 (1976), the Court considers three factors to

determine whether defendants have given plaintiff an opportunity to be heard: (1) the private

interest that will be affected by the official action; (2) the risk of an erroneous deprivation of

such interest through the procedures used, and the probable value, if any, of additional or

substitute procedural safeguards; and (3) the government's interest, including the function

involved and the fiscal and administrative burdens that the additional or substitute requirements

would entail.  Id. at 335.  Examining these factors, the Court concludes defendants gave plaintiff

a constitutionally adequate opportunity to be heard.

First, the order to remedy clearly informed plaintiff that he could seek its review and

specified the procedure for doing so.[2]  See Chase Grp. Alliance, LLC, 620 F.3d at 151 ("due

process requires no more than . . . an opportunity for the owner to contest"); DeMasi v. Benefico,

567 F. Supp. 2d 449, 456 (S.D.N.Y. 2008) (holding plaintiff had an opportunity to be heard

because he received a letter from defendant stating that he could present evidence contrary to

---

[2] The order to remedy states: "You may seek review of this order pursuant to section 81-a
of the General City Law.  An application to request such relief can be obtained from the Bureau
of Buildings zoning clerk."  Decl. in Supp. of Defs.' Mot. to Dismiss, Ex. B.

6

defendant's position).  Because plaintiff was afforded an opportunity to make an application for review of the order to remedy, he had an opportunity to be heard.

Moreover, the January 21, 2011, revocation letter notified plaintiff of his right to apply to the Board of Appeals on Zoning for a variance, which would have entitled him to an evidentiary hearing.  See New Rochelle City Code art. XV, §331-134 ("A public hearing shall be held by [the Board of Appeals on Zoning] on every appeal and application made to it."); Decl. in Supp. of Defs.' Mot. to Dismiss, Ex. J.  The Second Circuit has stated that a plaintiff "had a meaningful opportunity to be heard" when he had a chance to "make written submissions on disputed issues of fact and law and had, following the deprivation, procedures available to compel a full-scale evidentiary hearing."  Oberlander, 740 F.2d at 120.  Because plaintiff here had similar options available to him -- the right to seek review of the order to remedy and the right to appeal revocation of the CO -- the Court finds that plaintiff had a meaningful and adequate opportunity to be heard.

Plaintiff asserts in his complaint that defendants should have provided him with a predeprivation hearing because it would not have been unreasonably burdensome to do so.  The Court rejects plaintiff's claim because such a requirement would be administratively and financially burdensome for defendants if required in all certificate of occupancy revocation cases.  See DeMasi, 567 F. Supp. 2d at 456.

The motion to dismiss is granted as to plaintiff's procedural due process claim.

B.     Substantive Due Process

To assert a substantive due process claim, plaintiff must plead: (1) that "a constitutionally cognizable property interest is at stake," and (2) defendants' "alleged acts against [the] land were arbitrary, conscious-shocking, or oppressive in the constitutional sense, not simply incorrect or

7

ill-advised." Ferran v. Town of Nassau, 471 F.3d 363, 369-71 (2d Cir. 2006) (internal quotation

marks omitted).

To establish a constitutionally cognizable property interest, plaintiff must demonstrate a

clear entitlement to the benefit in question. Villager Pond, Inc. v. Town of Darien, 56 F.3d 375,

378 (2d Cir. 1995). "[I]n certain circumstances, a party may have a constitutionally protect[a]ble

property interest in a benefit that affects land use [such as a] certificate of occupancy."[3] Zahra v.

Town of Southold, 48 F.3d 674, 681 (2d Cir. 1995) (internal quotation marks omitted). Because

property interests are "not created by the Constitution," but rather "are defined by existing rules

or understandings that stem from an independent source such as state law," the Court must rely

on state law when deciding whether a benefit qualifies as a protectable property interest under

the Fourteenth Amendment. Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972).

"Under New York Law, a vested right in a certificate of occupancy may arise where a

landowner demonstrates a commitment to the purpose for which the certificate was granted by

effecting substantial changes and incurring substantial expense to further the development [of the

property]." Frooks v. Town of Cortlandt, 997 F. Supp. 438, 450 (S.D.N.Y. 1998) (internal

quotation marks omitted). However, the issuance of the certificate and the landowner's

---

[3] Defendants argue that no property right exists because Vacca had the discretion to
enforce the City Code by revoking the certificate of occupancy for the two-family dwelling on
plaintiff's property. However, the cases relied on by defendants are inapplicable here because
those cases dealt with the municipal official's denial of an initial application for a property right
rather than the revocation of a previously awarded property right. See Crowley v. Courville, 76
F.3d 47, 52 (2d Cir. 1996) (dismissing plaintiff's substantive due process claim regarding the
Zoning Board's denial of his initial application for a variance because the Zoning Board had
discretionary authority to grant variances); Gagliardi v. Village of Pawling, 18 F.3d 188, 192 (2d
Cir. 1994) (dismissing plaintiff's substantive due process claim regarding defendants's decision
to grant a building permit, site plan, and variance because defendants had discretion to do so).

8

substantial changes and expenditures are necessary but not sufficient to establish such a right. See id. at 450-51. "The landowner's reliance on the certificate must have been so substantial that the municipal action results in serious loss rendering the improvements essentially valueless." Id. at 451 (internal quotation marks omitted).

It is undisputed that the City issued a CO for the two-family dwelling in 1974.[4] Plaintiff asserts that he relied on the certificate to "invest[] substantial sums of money" to "make non-structural improvements" to the premises.[5] However, such allegations are not sufficiently fact specific to assert a constitutionally cognizable property interest. Plaintiff's claim that he invested a "substantial" sum of money is a conclusory statement that does not survive a motion to dismiss, and plaintiff's assertion that he made non-structural improvements to the premises does not indicate that they were substantial or expensive. See Frooks, 997 F. Supp. at 451 (finding that "plaintiffs have failed to allege a property interest in the 1981 certificate of occupancy" because plaintiffs made only "unsubstantiated allegations in the [complaint] that the alleged revocation of the certificate has resulted in 'five million dollars' in damages").

Moreover, plaintiff has not asserted that the improvements he allegedly made to the premises have become valueless as a result of the City's revocation of the CO. The complaint merely asserts that the revocation of the CO has and will "cause [plaintiff] to lose income from the Premises."[6] However, that assertion is insufficient to support plaintiff's claim that he has a constitutionally protected property interest in the CO. See Frooks, 997 F. Supp. at 451 (noting

---

[4] The 1974 certificate authorized the conversion of the one-family dwelling on the property to a two-family dwelling. Compl. ¶ 17.

[5] Compl. ¶ 24.

[6] Compl. ¶ 50.

that "plaintiffs nowhere allege, or even mention, any improvements made under the 1981 certificate that have become 'valueless'").

Because plaintiff has not plausibly alleged a constitutionally cognizable property interest in the CO for the two-family dwelling, defendants' motion to dismiss as to plaintiff's substantive due process claim is granted.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendants' motion to dismiss in its entirety.[7]

Plaintiff's procedural due process claim is dismissed with prejudice.

Plaintiff's substantive due process claim is dismissed without prejudice, and plaintiff is granted to leave to file an amended complaint as to that claim only by no later than December 21, 2011.

The Clerk is instructed to terminate the pending motion. (Doc. #8).

Dated: December 7, 2011
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

---

[7] Because the Court has dismissed all claims against all defendants, the Court need not address the City's Monell defense or Vacca's qualified immunity defense.

10